UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN P. MLADINEO and SHERRY MLADINEO                    PLAINTIFFS

V.                                    CIVIL ACTION NO.1:06CV1138 LTS-RHW

RICHARD EARL SCHMIDT,
MICHAEL FELSHER INSURANCE AGENCY, and
NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY     DEFENDANTS

<u>MEMORANDUM OPINION</u>

The Court has before it the Plaintiffs Sherry and John Mladineo's (Mladineo) motion [10] to remand.  For the reasons set out below, this motion will be granted.

This action seeks compensation for property damage sustained during Hurricane Katrina.  The state court complaint alleges that the plaintiffs were the holders of a policy of homeowners insurance issued by Nationwide Property and Casualty Insurance Company (Nationwide) and that Richard Earl Schmidt (Schmidt), an employee of Michael Felsher Insurance Agency (the agency), was the agent through whom Mladineo purchased his Nationwide policy.

According to the complaint, Mladineo, who had never lived on the Gulf Coast, contacted Schmidt in early 2005 to purchase insurance coverage for a residential property at 1210 Iola Road, Ocean Springs, Mississippi.  This property was near Biloxi Bay. (Complaint Paragraph 8)

The discussion between Mladineo and Schmidt took place by telephone. Mladineo was in Jackson, Mississippi, and Schmidt was in Ocean Springs, Mississippi. Schmidt indicated to Mladineo that he (Schmidt) was "familiar with the property." (Complaint Paragraphs 10 and 11)

The complaint alleges that Mladineo told Schmidt that he "needed full protection for the dwelling and other structures from all type of weather conditions, including wind and water." (Complaint Paragraph 12) In response, the complaint alleges that Schmidt recommended that Mladineo purchase "a 'hurricane policy', which would provide coverage for damages resulting from all *named storms*." (Complaint Paragraph 13, emphasis in the original) Mladineo is alleged to have asked Schmidt "whether all wind and water damages were covered by this type of policy, and Schmidt confirmed that all such damages from *named storms* were covered." (Complaint Paragraph 14, emphasis in the original) The concluding allegations are that "Schmidt also advised John that the property was not in a flood zone, and that a mortgage lender would not require a separate policy of flood insurance.  Schmidt did not suggest that Plaintiffs obtain flood insurance." (Complaint Paragraph 15)

Nationwide has denied coverage for the damage to the insured property, relying on the water damage exclusion in the policy. This action against all three defendants ensued. Plaintiffs are Mississippians. Both Schmidt and the agency are also Mississippians for the purposes of ascertaining whether this Court has the complete diversity of citizenship necessary to support subject matter jurisdiction under 28 U.S.C. §1332.

Plaintiffs filed this action in the Circuit Court of Jackson County, Mississippi. The suit was removed on alternative grounds of diversity and federal question jurisdiction.

**Federal Question Jurisdiction Under the National Flood Insurance Act**

The plaintiffs' claim against Schmidt is not based on allegations that a flood insurance claim was improperly adjusted nor on allegations that an existing flood insurance policy was not administered properly. This Court has jurisdiction under 28 U.S.C. §1331 of cases where these are the theories of recovery.

As I appreciate the allegations of the complaint, Mladineo's claims are based on a failure to recommend that flood insurance coverage be purchased and a representation that the Nationwide policy would cover both wind and water damage during named storms. Mladineo did not request flood insurance under the National Flood Insurance Program, allegedly because Schmidt led him to believe that a separate flood insurance policy was not necessary in light of the Nationwide coverage Mladineo was buying. These types of allegations do not have a bearing on the National Flood Insurance Program sufficient to support federal question jurisdiction. Since a flood policy was not issued, there are no facts that might be proved in this action which would require that policy benefits of a flood insurance policy issued under the National Flood Insurance Act be paid.

Recent cases have drawn a distinction between claims based on the failure to procure flood insurance coverage, which are outside the scope of exclusive federal jurisdiction, and claims based on the administration or adjustment of claims under existing flood insurance policies which are within the scope of exclusive federal jurisdiction. Compare *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006) (Fallon, Judge), with *Newman v. Allstate Insurance* Co., 2006 WL 2632116 (E.D.La.) (Feldman, Judge) and See *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 389 n. 3 (5th Cir. 2005); *Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D.La) (Barbier, Judge). A case in which an agent is charged with having negligently failed to advise his customer that flood insurance coverage was necessary to fulfill the customer's specific request for coverage from water damage is even more remote from the National Flood Insurance Act, and thus further from the facts necessary to support subject matter jurisdiction under 28 U.S.C. §1331.

### Jurisdiction Based on Diversity of Citizenship

Nationwide's claim to the complete diversity of citizenship necessary to support the Court's subject matter jurisdiction is premised on its contention that the plaintiffs have not alleged a legitimate claim or cause of action against Schmidt and the agency. With respect to these non-diverse parties, the defendants contend that there has been a misjoinder or a fraudulent joinder of the non-diverse parties done in order to defeat this Court's jurisdiction.  Having removed this action based on this contention, the defendants bear the burden of proving it to be true.  *B., Inc. v. Miller Brewing Co.*, 663 F.3d 545 (5th Cir.1981).

This burden of proof has been characterized as a heavy one because, in making the assessment whether joinder of non-diverse defendants is fraudulent or legitimate, the district court must assume all of the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).  The dismissal of a non-diverse party must be proper under the standards of Rule 12(b) F.R.Civ.P. or under Rule 56 F.R.Civ.P. if the parties submit and the Court considers relevant evidence outside the pleadings.

My decision in this case must be based on the pleadings alone.  No affidavits or other evidence has been submitted.  Under the standards set out above, the Court must determine whether there is any reasonable basis upon with the plaintiffs could prevail and establish a right of recovery against the non-diverse defendants.  If there is such a basis the case must be remanded for resolution in the court where the action was originally filed.

Plaintiffs have, in my opinion, alleged sufficient facts to state a cause of action against Schmidt and the agency.  These facts, considered in the light most favorable to Mladineo and allowing for all favorable inferences these allegations will reasonably support, are sufficient to state causes of action for negligence and for negligent misrepresentation.  According to the complaint Mladineo was new to the Mississippi Gulf Coast; he contacted Schmidt to purchase insurance to protect him for specific types of property damage; he made a specific request for coverage against both wind and water damage; Schmidt recommended and sold Mladineo a policy that did not conform to this coverage request; Mladineo purchased the policy in reliance on Schmidt's recommendation and advice; and Mladineo suffered damages as a result of this reliance.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1.     That there was a misrepresentation (or omission) of a fact;
2,     The misrepresentation (or omission) was material or significant;
3.     The misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4.     The person to whom the representation was made reasonably relied upon the representation (or omission); and
5.     The person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit Mladineo's theories of recovery against Schmidt and the agency.

An insurance agent who undertakes to procure insurance for a customer and to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Of course, the truth of Mladineo's allegations, the issue of what coverage Mladineo requested, the circumstances in which Schmidt's alleged representations were made, the question whether Mladineo reasonably relied on the statements he attributes to Schmidt, and the question whether the representations, if made, were made negligently, are all among the questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. Likewise, the standard of care applicable to Schmidt and the question whether his actions met that standard of care can be answered only when the record in this case has been fully developed. At this juncture, however, Mladineo's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Mladineo's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Schmidt and Nationwide have failed to establish that Mladineo has no viable legal theory on which he may proceed against Schmidt and the agency.

Accordingly, I will grant the motion to remand. An appropriate order will be entered.

**DECIDED** this 16th of May, 2007.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE